# In re Silicone Breast Implant Litigation

C.P. of Allegheny County, no. GD-94-14550

*Alan H. Perer* and *John Kopesky,* for plaintiffs.
*John Bass, Cynthia L. Brennen, Peter J. Hoffman, David M. Neuhart* and *Diane Barr Quinlin,* for defendant.

WETTICK JR., *J.,* April 24, 2003—This opinion addresses the issue of whether testimony of former patients of a defendant-physician as to their preoperative discussions with this physician is admissible in a breast implant medical malpractice case in which these patients are not parties to the litigation.[1] In this litigation, plaintiffs are seeking recovery based on the lack of informed consent against the treating physician who performed

---

1. In ruling on this issue, I considered the briefs filed by counsel for the litigants in this action and additional briefs filed by Steering Committee counsel for the plaintiffs and for the medical providers.

their implant surgeries.[2] Each plaintiff will testify that she was not told about certain risks and will present expert testimony describing how these risks that were not discussed are risks of the implant surgery. For example, a plaintiff may testify that she was never told that the implants may not last for the rest of her life, and her expert may testify (1) it was widely known in the medical community at the time of the surgery that more than 20 percent of the time the implants failed and needed to be replaced or removed within five years of the surgery and (2) the manufacturers' package inserts stated that a patient should not anticipate that the implants will last for the remainder of the patient's life.

## I.

As part of a plaintiff's case, counsel for the plaintiff wishes to present testimony from other patients of the defendant-physician that the defendant-physician never explained the risk that the implants may fail.[3] This testimony is being offered to convince the jury that a plaintiff's testimony that she was not told that the implants may fail is credible.

I am sustaining the objections of counsel for the physicians to this testimony being offered as part of a plaintiff's case in chief. As a matter of law, what a defendant-physician discussed with other patients (assuming that the jury would find this testimony of the

---

2. I granted defendant's motion to sever so the claims of each plaintiff will be tried separately.

3. In all likelihood, these other patients will be plaintiffs in other lawsuits filed against the defendant-physician.

other patients to be credible) does not tend to establish that this is what the defendant-physician discussed with the plaintiff. See *General Equipment Manufacturers v. Westfield Insurance Company,* 430 Pa. Super. 526, 549, 635 A.2d 173, 185 (1993) ("the law will not consider evidence that a person has done a certain act at a specific time as probative of a contention that he has done a similar act at another time." (citations omitted)). Also, while evidence of the habit of a person is admissible to prove that the conduct of the person on a particular occasion was in conformity with the habit (Pa.R.E. 406), the testimony of fewer than virtually all of a sizeable number of the patients of a physician is not sufficient to establish a habit of the physician.

## II.

As part of the defense of the case, counsel for the defendant-physician will ask the defendant-physician what he or she told the plaintiff regarding the risks upon which the plaintiff bases her lack of informed consent claim. The physician may offer the following testimony:

### Alternative 1

I remember my discussions with the patient (or my recollection has been refreshed through a review of my notes). I explained to the patient that the implants may fail or wear out. If this occurs, additional surgery will be necessary.

### Alternative 2

The defendant may testify that at the time I performed the surgery, I recognized that each patient needed to know

that there was a risk of further surgery because the implants may fail or wear out. However, I am not a "check-list" doctor. My discussions with my patients begin with why the patient wants the implants. I learn from the patient what she already knows; I focus on what she may not know. These are give-and-take discussions. I do not have a specific recollection of my conversations with the plaintiff, so I cannot tell you today exactly what we discussed. It would depend on what she already knew and what she needed to know.

### Alternative 3

I have no specific recollection of my discussions with the plaintiff. However, at the time I treated the plaintiff, in each and every case I always discussed various risks associated with the implant procedure. One of these risks that I always discussed was the possibility of further surgery because the implants may fail or wear out.

For each of these three alternatives, the plaintiffs in the implant litigation will seek to offer, as rebuttal testimony, the testimony of other patients that the defendant-physician did not explain these risks to them.

As to the first alternative (the physician testifies that he or she remembers the discussions with the plaintiff), the testimony of the other patients concerning their discussions with the defendant-physician is inadmissible. The apparent purpose for the testimony is to convince a jury that the defendant's testimony that he or she remembers discussing this risk that the implants may need to be removed or replaced is inaccurate. A question for the jurors to decide is whether they believe the physician's

testimony that he or she remembers telling the plaintiff that the implants may need to be removed or replaced because they may fail. In answering this question, the jury may not consider what the defendant-physician did in treating other patients because of the principle of law which I previously discussed that the law will not consider evidence that a person has done or failed to do a specific act at a specific time as prohibitive of a contention that this person has acted or failed to act in a similar manner at another time.

I reach the same result as to Alternative 2 where the physician testifies that he or she does not remember the discussions with the plaintiff but would have told the plaintiff of the risk that the implants may fail if he or she believed that the plaintiff was not already aware of this risk. Since the defendant is not testifying that he or she discussed this risk with the plaintiff, evidence of discussions with other patients is inadmissible under the same principle that what a person did at a specific time is not probative of a contention that this person has done a similar act at another time.

I reach a different result with respect to the third alternative where the physician testifies that he or she always discusses this risk with the patient. In this situation, the defendant-physician is asking the jury to reject the plaintiff's testimony that she was not told of this risk on the basis of the defendant-physician's testimony as to what he or she always does. The jury must reject the plaintiff's testimony that she was not told of the risk if it accepts the physician's testimony that this is a risk that he or she always discusses. However, this testimony of

the physician cannot be a basis for rejecting the plaintiff's testimony if the jury would find that there were any instances in which the physician failed to discuss these risks with any other patient. Thus, testimony of another patient that the defendant-physician performed the same procedure without discussing the risk that the implants may fail is admissable.

In this situation, the testimony of the other patient is not being offered to bolster the plaintiff's testimony as to what the defendant-physician discussed with the plaintiff. Instead, it is being offered to impeach the credibility of the defendant's testimony that he knows he discussed this risk with the plaintiff because this is what he does with every single patient. See Pa.R.E. 607(b) which provides that the credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules.[4]

The defendant-physicians contend that even where the testimony of other patients may be relevant to impeach the testimony of a defendant-physician, this testimony should be excluded pursuant to Pa.R.E. 403 which provides that relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the issues. According to the defendants, there is a danger of unfair prejudice because

---

4. I recognize that at some point testimony purporting to come within Alternative 2 will instead come within Alternative 3 (*e.g.,* "I'm human so I can't say that something always occurs but our procedure is close to perfect if not perfect."). Also, testimony of another patient will be permitted if the physician's testimony combines Alternative 1 with Alternative 3 (*e.g.,* "I remember my conversation with the patient and I told her about these risks. Also, this is what I always do.").

a jury will learn of other lawsuits filed against the defendant-physician by these other patients. Furthermore, there will be confusion of issues because this testimony would result in a trial within a trial.

The defendant-physicians state that I have already decided this issue in *Kundus v. Johnson,* 39 D.&C.3d 425 (C.P. Allegheny 1985). In that case, the patient testified that only the receptionist of the defendant was present when the patient executed the consent form; the defendant and his receptionist both testified that while neither specifically recalled the circumstances under which the plaintiff executed the consent form, it is the defendant's practice to be present when the form is signed and to answer any questions regarding its contents. Through discovery, plaintiffs sought to compel the defendant to list the names and addresses of all other patients who signed consent forms for surgery between July 1980 and July 1981 (or alternatively, for the court to require that the defendant randomly select the names and addresses of a small number of patients who signed such forms). I sustained the defendant's objections to this discovery because the benefits from the disclosure of the identity of the other patients was not so clearly apparent and substantial as to outweigh the privacy interests of these patients.

*Kundus* has no relevance to the issues in this litigation because in this litigation the plaintiffs will be presenting the testimony of only those other patients who have voluntarily agreed to testify. No one is asking the court to compel disclosure of patient names.

I do not find merit to the physicians' claim based on Pa.R.E. 403 that the probative value of the testimony of

other patients is outweighed by the danger of unfair prejudice. A jury's learning that there are other dissatisfied patients should not prevent the jury from fairly addressing the issues raised in the case which the jury is considering. Also, a jury will learn that these witnesses have pending lawsuits against the same defendant-physician only if counsel for the defendant-physician introduces this evidence.

I do not find that there is a danger of confusion of the issues simply because the jury will hear evidence concerning conversations between a defendant-physician and other patients. Through jury instructions, the jury will understand that this evidence is offered only to assist the jury in assessing whether it wishes to accept the testimony of the defendant that he or she always discusses the risks that are the subject of the litigation.

In their briefs, the defendants raise a specter of 11 other former patients presenting testimony that they were not told of various risks, the defendant-doctor separately addressing each of the 11 surgeries and the jury having to make credibility findings for each of the 11 surgeries. This will not happen. Pa.R.E. 403 provides that courts can exclude evidence on the ground that it is cumulative.

### III.

The last issue is whether the defendant-physician may respond to testimony of other patients that he or she failed to explain various risks by presenting testimony of "satisfied" patients who will testify that the defendant covered these risks in his or her discussions with them. This

testimony is inadmissible for the same reasons that the plaintiffs may not introduce as part of their case in chief the testimony of other patients that the defendant-physician failed to cover these risks in his or her discussions with these former patients. This testimony does not show that the defendant-physician's conduct has been continuous and systematic; it simply supports a finding that on these given occasions, the defendant-physician acted in this fashion. Consequently, the admissibility of this testimony is governed by the rule of law that the commission of an act cannot be proved by showing the commission of a like act at a different time.

### IV.

In making the above rulings, I found to be very persuasive an opinion of Judge Strassburger in *Potkul v. Brandy*, 145 P.L.J. 612 (1997). This was a cosmetic surgery medical malpractice action in which a physician had performed a number of surgical procedures to combat hair loss on the plaintiff. In response to the plaintiff's testimony that the defendant-physician did not discuss risks and complications of the procedure, the defendant-physician testified that as a matter of routine he sits down and reviews with every patient every risk and complication listed on his consent forms. Following his testimony, Judge Strassburger permitted the testimony of two other former patients of the defendant-physician that the defendant-physician never discussed with them the informed consent forms or let them know of the risks and complications involved with their procedures.

Following the testimony of these former patients, the defendant-physician sought to present the testimony of

other former patients that he had discussed with them the risks and complications appearing on his consent forms. Judge Strassburger did not permit this testimony.

In denying the defendant's motion for post-trial relief, Judge Strassburger stated that he properly permitted the two other former patients to testify because their testimony "directly rebuts defendant Brandy's prior testimony regarding his routine of informing patients of all risks of his procedures." *Id.* at 613. Judge Strassburger also stated that he properly excluded the testimony of the former patients the defendant-physician sought to introduce because "the fact that defendant Brandy may have discussed risks and complications with some patients is not probative of anything: 'the law will not consider evidence that a person has done a certain act at a specific time as pro-bative of a contention that he has done a similar act at another time. *General Equipment v. Westfield Insurance,* 430 Pa. Super. 526, 549, 635 A.2d 173, 185 (1993).' " *Id.* at 614.

For these reasons, I enter the following order of court:

## ORDER

On April 24, 2003, it is hereby ordered that the rulings made in the opinion which accompanies this order of court will apply to the *Lewis* litigation and to all other silicone breast implant litigation within the jurisdiction of the coordinating court for silicone implant litigation.

DiNUBILE JR., *J.,* April 24, 2003—I Concur.

CASSIMATIS, *J.,* April 24, 2003—I Concur.